CHATFIELD & KIPP *vs.* FRYE.

Where a person is convicted before a justice of one of the ward courts of the city of New-York, of disturbing a religious congregation assembled for divine worship, and fined, security given by him for the payment of the fine, in the name of the clerk of the court in which the conviction is had is valid ; it need not be in the name of the people.

A misdescription of the title of office of the clerk is not material.

ERROR from the superior court of the city of New-York. Chatfield and Kipp executed a bond to Frye, by the name and description of "Daniel M. Frye, clerk of the upper police in the city of New-York," in the penal sum of $33. After a *recital* that Chatfield had been duly convicted before James Palmer, Esquire, one of the justices for preserving the peace in the city of New York, of having *disturbed a religious congregation assembled for divine worship* during the performance of divine worship, by rude and indecent behavior, and that he had been fined upon such conviction $15, besides costs, the bond was *conditioned* for the payment of the said fine of $15 and the costs, amounting to $1,50, within twenty days to David M. Frye, clerk, &c. at the police office, corner of Bowery and Third streets. On this bond an action of debt was brought in the name of Frye against the obligors before a justice's court in the city of New York. The plaintiff declared upon the above bond, and the defendants *demurred* to the declaration. The defendants insisted before the justice that the bond was *void*, because *first*, it should have been executed to *the people* and not to the plaintiff as clerk, &c.; and secondly, that there was no such officer known to the law as clerk of the upper police, the obligee being in fact clerk of the assistant justices court of the ninth, eleventh and fifteenth wards of the city. The justice sustained the demurrer, and rendered judgment for costs in favor of the defendants; which judgment was *reversed* by the superior court of the city of New York, whereupon the defendants sued out a writ of error.

VOL. XIX.                69

*P. S. Crooke,* for plaintiffs in error.

*D. M. Frye* in person, contra.

*By the Court,* NELSON, Ch. J.  The principal error relied upon is that the bond should have been taken *in the name of the people.*  The statute 1 R. S. 675, § 68, provides that in cases of convictions of this kind, if the person convicted shall not immediately pay the penalty incurred with the costs of the conviction, or give security to the satisfaction of the officer before whom the conviction shall be had, for the payment of the said penalty and costs within twenty days thereafter, he shall be committed, &c.  The nature or form of the security is not prescribed, but left expressly to the discretion of the magistrate, and we are unable to perceive any valid objection to the mode adopted.  The bond is given to the plaintiff as clerk of the court before which the conviction was had ; the misdescription in the addition is not material. If the penalty incurred had been paid by the defendant instead of giving security, the payment might have been made to the *clerk,* whose duty it would have been to take charge of the money.  The judgment of the superior court must be affirmed.

Judgment affirmed.